JB/AB:CMP
F.#2009R02328

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

GAETANO NAPOLI,
    also known as
    "Gaetano Napoli, Sr." and
    "Thomas Napoli,"
THOMAS NAPOLI,
    also known as
    "Thomas Napoli, Jr.," and
GAETANO NAPOLI, JR.,
    also known as "Guy,"

        Defendants.

- - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 152(1),
152(3), 371, 894(a)(1),
981(a)(1)(C),
1512(b)(2)(A), 1512(b)(3),
1512(c)(2), 1512(k), 2 and
3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

        At all times relevant to this Indictment, unless stated otherwise:

        1.    On or about March 18, 2009, Napoli & Sons Meat, Inc., also known as "Napoli & Sons Meats & Provisions, Inc." and "Brooklyn Sausage Co.," ("Napoli & Sons") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), and a Chapter 11 United States Trustee was appointed.  The Bankruptcy Court converted the case to one under Chapter 7 of the United States Bankruptcy Code on or

about December 9, 2009, and appointed a Chapter 7 United States Trustee of the estate.

2.    The defendant GAETANO NAPOLI, also known as "Gaetano Napoli, Sr." and "Thomas Napoli," was the president of Napoli & Sons.  In that capacity, GAETANO NAPOLI signed Napoli & Sons' bankruptcy petition under penalty of perjury.

3.    On or about June 29, 2009, GAETANO NAPOLI gave sworn statements on behalf of Napoli & Sons at a meeting of creditors convened by the Chapter 11 trustee pursuant to Title 11, United States Code, Section 341(a).

4.    Starting on or about September 29, 2009, and continuing thereafter, witnesses who possessed relevant information regarding Napoli & Sons were served with Grand Jury subpoenas issued in the Eastern District of New York for testimony and documents.

## COUNT ONE
(False Statements in Bankruptcy - Bankruptcy Petition)

5.    The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

6.    On or about March 18, 2009, the defendant GAETANO NAPOLI, also known as "Gaetano Napoli, Sr." and "Thomas Napoli," did knowingly and fraudulently make one or more false declarations, certificates, verifications and statements under penalty of perjury in and in relation to In re Napoli & Sons

2

Meat, Inc., Bk. No. 8-09-72773 (AST) (Bankr. EDNY), a case under Title 11 of the United States Code, in that he concealed Napoli & Sons assets by failing to disclose them as required in Napoli & Sons' bankruptcy petition.

(Title 18, United States Code, Sections 152(3) and 3551 et seq.)

COUNT TWO
(False Statements in Bankruptcy - Section 341(a) Meeting)

7.    The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

8.    On or about June 29, 2009, within the Eastern District of New York, the defendant GAETANO NAPOLI, also known as "Gaetano Napoli, Sr." and "Thomas Napoli," did knowingly and fraudulently make one or more false declarations, certificates, verifications and statements under penalty of perjury in and in relation to In re Napoli & Sons Meat, Inc., Bk. No. 8-09-72773 (AST) (Bankr. EDNY), a case under Title 11 of the United States Code, in that he concealed Napoli & Sons assets by failing to disclose them as required during a meeting of Napoli & Sons' creditors convened pursuant to Title 11, United States Code, Section 341(a).

(Title 18, United States Code, Sections 152(3) and 3551 et seq.)

COUNT THREE
(Concealment of Assets in Bankruptcy)

9.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

10.    In or about and between March 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GAETANO NAPOLI, also known as "Gaetano Napoli, Sr." and "Thomas Napoli," THOMAS NAPOLI, also known as "Thomas Napoli, Jr.," and GAETANO NAPOLI, JR., also known as "Guy," did knowingly and fraudulently conceal property, to wit: equipment and accounts receivable, belonging to the estate of the debtor, to wit: Napoli & Sons, from one or more creditors and the United States Trustee in connection with a case under Title 11 of the United States Code.

(Title 18, United States Code, Sections 152(1), 2 and 3551 et seq.)

COUNT FOUR
(Conspiracy to Conceal Assets in Bankruptcy)

11.    The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

12.    In or about and between March 2009 and February 2010, both dates being approximate and inclusive, within the

4

Eastern District of New York and elsewhere, the defendants
GAETANO NAPOLI, also known as "Gaetano Napoli, Sr." and "Thomas
Napoli," THOMAS NAPOLI, also known as "Thomas Napoli, Jr.," and
GAETANO NAPOLI, JR., also known as "Guy," together with others,
did knowingly and willfully conspire to conceal property
belonging to the estate of the debtor, to wit: Napoli & Sons,
from creditors and the United States Trustee in connection with a
case under Title 11 of the United States Code, in violation of
Title 18, United States Code, Section 152(1).

13.    In furtherance of the conspiracy, and to effect
the objectives thereof, within the Eastern District of New York
and elsewhere, the defendants GAETANO NAPOLI, THOMAS NAPOLI and
GAETANO NAPOLI, JR., together with others, committed and caused
the commission of the following:

OVERT ACTS

a.    On or about June 27, 2009, GAETANO NAPOLI and
THOMAS NAPOLI engaged in a telephone communication.

b.    In or about and between June 2009 and July
2009, THOMAS NAPOLI arranged to move equipment located at 385
Sheffield Avenue in West Babylon, New York.

c.    On or about August 2, 2009, GAETANO NAPOLI
and GAETANO NAPOLI, JR. engaged in a telephone communication.

(Title 18, United States Code, Sections 371 and 3551 et
seq.)

5

## COUNT FIVE
(Extortionate Collection of Credit)

14.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

15.     In or about and between June 2009 and August 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GAETANO NAPOLI, also known as "Gaetano Napoli, Sr." and "Thomas Napoli," together with others, did knowingly and intentionally participate in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe, an individual whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 894(a)(1), 2 and 3551 et seq.)

## COUNT SIX
(Obstruction of Justice - Witness #1)

16.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

17.     In or about and between September 2009 and October 2009, both dates being approximate and inclusive, within the Eastern District of New York, the defendant GAETANO NAPOLI, also known as "Gaetano Napoli, Sr." and "Thomas Napoli," did knowingly, intentionally and corruptly persuade and attempt to

6

persuade Witness #1, an individual whose identity is known to the Grand Jury, with intent to cause and induce Witness #1 to withhold testimony and withhold one or more records, documents and other objects from an official proceeding, to wit: a proceeding before a Federal Grand Jury in the Eastern District of New York.

(Title 18, United States Code, Section 1512(b)(2)(A) and 3551 et seq.)

## COUNT SEVEN
(Obstruction of Justice)

18.     The allegations in paragraphs one through four above are realleged and incorporated as if fully set forth in this paragraph.

19.     In or about and between September 2009 and October 2009, both dates being approximate and inclusive, within the Eastern District of New York, the defendant GAETANO NAPOLI, also known as "Gaetano Napoli, Sr." and "Thomas Napoli," together with others, did knowingly, intentionally and corruptly obstruct, influence and impede, and attempt to obstruct, influence and impede an official proceeding, to wit: a proceeding before a Federal Grand Jury in the Eastern District of New York.

(Title 18, United States Code, Sections 1512(c)(2), 2 and 3551 et seq.)

COUNT EIGHT
(Obstruction of Justice - Witness #2)

20.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

21.     In or about and between September 2009 and October 2009, both dates being approximate and inclusive, within the Eastern District of New York, the defendants GAETANO NAPOLI, also known as "Gaetano Napoli, Sr." and "Thomas Napoli," and GAETANO NAPOLI, JR., also known as "Guy," did knowingly, intentionally and corruptly persuade and attempt to persuade Witness #2, an individual whose identity is known to the Grand Jury, with intent to hinder, delay and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of one or more Federal offenses, to wit: the offenses charged in Counts One through Four.

(Title 18, United States Code, Sections 1512(b)(3), 2 and 3551 et seq.)

COUNT NINE
(Conspiracy to Obstruct Justice - Witness #2)

22.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

8

23.     In or about and between September 2009 and
October 2009, both dates being approximate and inclusive, within
the Eastern District of New York, the defendants GAETANO NAPOLI,
also known as "Gaetano Napoli, Sr." and "Thomas Napoli," and
GAETANO NAPOLI, JR., also known as "Guy," did knowingly and
intentionally conspire to corruptly persuade Witness #2, with
intent to hinder, delay and prevent the communication to a law
enforcement officer of the United States of information relating
to the commission and possible commission of one or more Federal
offenses, to wit: the offenses charged in Counts One through
Four, in violation of Title 18, United States Code, Section
1512(b)(3).

(Title 18, United States Code, Sections 1512(k) and
3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATIONS

24.     The United States hereby gives notice to the
defendants charged in Counts One through Five herein, that, upon
conviction of any such offense, the government will seek
forfeiture in accordance with Title 18, United States Code,
Section 981(a)(1)(C), and Title 28, United States Code, Section
2461(c), of any and all property, real and personal, that
constitutes or is derived from proceeds traceable to the
commission of the offenses, and all property traceable to such
property, including but not limited to a sum of money

9

representing the amount of proceeds obtained as a result of the offense.

25.    If any of the forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

10

United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

11

## INFORMATION SHEET

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

1.  Title of Case:
    **United States v. GAETANO NAPOLI, also known as "Gaetano Napoli, Sr." and
    "Thomas Napoli," THOMAS NAPOLI, also known as "Thomas Napoli, Jr." and
    GAETANO NAPOLI, JR., also known as "Guy"**

2.  Related Magistrate Docket Number(s):
    None (X)

3.  Arrest Date:

4.  Nature of offense(s):  ☒   Felony
                           ☐   Misdemeanor

5.  Related Cases - Title and Docket No(s).  (Pursuant to Rule 50.3 of the
    Local E.D.N.Y. Division of Business Rules):

6.  Projected Length of Trial:    Less than 6 weeks    (X)
                                  More than 6 weeks    ( )

7.  County in which crime was allegedly committed:  Kings
    (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Has this indictment/information been ordered sealed?    (X) Yes  ( ) No

9.  Have arrest warrants been ordered?    (X) Yes  ( ) No

                              BENTON J. CAMPBELL
                              UNITED STATES ATTORNEY

                    By:       _____
                              Cristina M. Posa
                              Assistant U.S. Attorney
                              718-254-6668

Rev. 3/22/01